IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES J. SHIRLEY,**

           Plaintiff,

v.                                               **CIVIL ACTION NO. 3:19-CV-41**
                                                              **(GROH)**

**LOUDON COUNTY SHERIFFS OFFICE,**
**CHRISTOPHER STAUBS, and**
**STACY L. MCCAFFERY,**

           Defendants.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Pending before the Court is Plaintiff Charles J. Shirley's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B).

**II.    THE COMPLAINT**

Plaintiff alleges that sometime between October 2012 and March 2013, his then-girlfriend, Stacy Leigh McCaffery ("Defendant McCaffery"), went to Plaintiff's uncle's house and told Plaintiff's uncle that Plaintiff had given her permission to take Plaintiff's motorcycle, a 1994 Yamaha Virago, and sell it. ECF No. 1, at 2. Plaintiff alleges that Defendant McCaffery took the Yamaha motorcycle and turned it over to Detective

---

[1] This motion was referred to the undersigned by order dated April 9, 2019. Order of Referral, ECF No. 4.

Christopher Staubs ("Defendant Staubs") of the Loudon County Sheriff's Office. Id. Plaintiff alleges that Defendant Staubs traveled into Berkeley County, West Virginia, and seized the Yamaha motorcycle from Defendant McCaffery without a warrant.[2] Id. Plaintiff alleges that Defendant Staubs took the Yamaha motorcycle to Leesburg, Virginia, where it has been impounded at the Loudon County Sheriff's Office for the last six (6) years. Id. at 1.

Plaintiff seeks monetary relief in the amount of $6,000,000, one million dollars for each year the Yamaha motorcycle has been impounded with the Loudon County Sheriff's Office. Id. at 2. Plaintiff also asks that criminal charges be brought against Defendant McCaffery and Defendant Staubs for vehicle theft. Id.

### IIII.    LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C.

---

[2] The undersigned notes that Plaintiff attached a letter to his complaint from the Loudon County Sheriff's Office, dated January 9, 2019, which states "we are unable to supply you with the vehicle seizure warrant due to us not being in possession of that document" and directs Plaintiff to contact Christopher Staubs. ECF No. 1-2, at 6.


§ 1915(e). This includes cases filed by non-prisoners.[3] See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or ano chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

---

[3] The undersigned notes that Plaintiff is currently incarcerated. However, because his claims do not relate to his conviction, sentence, or conditions of incarceration, his pro se complaint will not be treated as a prisoner complaint under the Local Rules, but rather as a non-prisoner pro se complaint.

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV. DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Here, Plaintiff's complaint only states "[s]ince it is two states I'm dealing with, I believe it should be handled in a Federal Court since both states are denying me access to file criminal charges against all parties involved." ECF No. 1, at 1. However, looking to Plaintiff's civil cover sheet, he asserts diversity jurisdiction, and he also cites to 42 U.S.C. § 1983. ECF No. 1-1, at 1.

Plaintiff alleges $6,000,000 in damages, which exceeds the amount-in-controversy requirement of $75,000.[4] See ECF No. 1, at 2; 28 U.S.C. § 1332. However, based on the

---

[4] The undersigned notes that although this amount seems improbable, "[i]n most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination. If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed.'" JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir.

5

information in the civil cover sheet, Plaintiff is a citizen of Virginia, and the first listed defendant, which is the Loudon County Sheriff's Office, is also a citizen of Virginia. Id. So, this alone entails that the Court lacks diversity jurisdiction over Plaintiff's claims because there is not complete diversity between the parties.

Plaintiff's civil cover sheet also indicates that Plaintiff is filing under 42 U.S.C. § 1983. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N. D. W. Va. 1987). Plaintiff twice states in his complaint that the Yamaha motorcycle was seized from him without a warrant by Defendants. ECF No. 1, at 1–2. Liberally construed, Plaintiff appears to be alleging a constitutional tort that could reasonably be interpreted as a § 1983 claim, so the undersigned concludes that this is sufficient to establish subject-matter jurisdiction.

### B.     Capacity in Which Plaintiff Is Suing Defendant Staubs

As an initial matter, it is unclear whether Plaintiff names Defendant Staubs in his official or personal capacity. A minority of circuits have simply adopted a presumption that when a plaintiff's complaint is unclear, she is presumed to have brought suit against state officials only in their official capacity. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1989); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). The Fourth Circuit, on the other hand, has sided with the majority view and adopted a more flexible approach. See Biggs v. Meadows, 66 F.3d 56, 60 (4th Cir. 1993). "[W]hen a plaintiff does not allege capacity

---

2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)). Here, the undersigned cannot conclude "to a legal certainty" that Plaintiff cannot recover an amount surpassing the amount-in-controversy threshold of $75,000.

specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." Id. at 61. Ultimately, "the underlying inquiry remains whether the [p]laintiff's intention to hold a defendant personally liable can be ascertained fairly." Id.

Here, Plaintiff does not allege that Defendant Staubs was acting in accordance with a policy or practice of the Loudon County Sheriff's Office. Lack of allegations regarding official policies or practices is evidence that Plaintiff is suing Defendant Staubs in his personal capacity. See id. Here, Plaintiff is also seeking damages that appear to be compensatory and punitive in nature, another indication he is suing Defendant Staubs in his personal capacity. See id. On the other hand, Plaintiff repeatedly invokes Defendant Staub's official title of detective throughout his complaint. See ECF No. 1, at 1–2. Liberally construing Plaintiff's complaint, the undersigned will consider Plaintiff as bringing this suit against Defendant Staubs in both his official and personal capacities.

**C. Loudon County Sheriff's Office and Defendant Staubs (Official Capacity) Should Be Dismissed under Eleventh Amendment Immunity; Defendant McCaffery Should Be Dismissed for Failure to State Claim**

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the

7

>District of Columbia shall be considered to be a statute of the
>District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) a person (2) acting under color of state law (3) deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. It is well-settled that in Virginia, a sheriff's office, as well as the sheriff and his deputies when sued in their official capacities, are arms of the state and are entitled to Eleventh Amendment immunity against lawsuits for monetary damages under § 1983. See, e.g., Vollette v. Watson, 937 F. Supp. 2d 706, 714 (E. D. Va. 2013); Blankenship v. Warren Cnty, Va., 931 F. Supp. 447, 449 (W. D. Va. 1996).

Because Plaintiff's only cognizable claim for relief is for monetary damages,[5] the Loudon County Sheriff's Office and Defendant Staubs, to the extent he is being sued in his official capacity, are immune from suit under § 1983.

As to Defendant McCaffery, Plaintiff alleges that she obtained possession of the Yamaha motorcycle from Plaintiff's uncle under fraudulent pretenses. ECF No. 1, at 2. However, Plaintiff does not allege that Defendant McCaffery is a state actor or that she

---

[5] The undersigned notes that Plaintiff requests some kind of equitable/injunctive relief in that he requests that criminal charges be brought against Defendants Staubs and McCaffery for vehicular theft. ECF No. 1, 2. However, federal courts do not bring criminal charges. So, such relief is improperly sought as a general matter.

8

acted under the color of state law. Accordingly, Plaintiff has failed to state a §1983 claim against Defendant McCaffery. See Bass, 324 F.3d at 765.

### D. Plaintiff's Claim against Defendant Staubs (Personal Capacity) Should Proceed and a Summons Should Be Issued as to Defendant Staubs (Personal Capacity)

Plaintiff alleges that "Detective Christopher Staubs with the Loudon County Sheriffs [sic] Department in Leesburg Va crossed the state line into West Virginia without a warrant and seized my 1994 Yamaha Virago from my then girlfriend and took it to Leesburg Virginia and placed it in impound." ECF No. 1, at 1. Liberally construing this allegation, Defendant Staubs was acting both (1) as a person under § 1983 and (2) under the color of state law, when he seized the Yamaha motorcycle in West Virginia.

Further, the Supreme Court has stated that its "cases unmistakably hold that the [Fourth] Amendment protects property as well as privacy" and "[a] 'seizure of property occurs where there is some meaningful interference with an individual's possessory interest in that property." Soldal v. Cook County, Ill., 506 U.S 56, 62 (1992) (citations omitted). So, Plaintiff's allegation that Defendant Staub's seizure of the Yamaha motorcycle was without a warrant is a claim that Defendant Staub's violated Plaintiff's Fourth Amendment right, a right guaranteed by the Constitution. Therefore, Plaintiff has pleaded the three elements of a § 1983 claim.

However, the Court may dismiss Plaintiff's complaint if it is clear that his claims are based on an indisputably meritless legal theory, for example, where it is clear that Defendant Staubs is immune from suit. See Neitzke, 490 U.S. at 327. An official sued in his personal capacity under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was clearly established at the

9

time of the challenged conduct. 42 U.S.C. § 1983. A defendant seeking qualified immunity in a § 1983 case cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it; in other words, existing precedent must have placed the statutory or constitutional question confronted by the defendant beyond debate. 42 U.S.C. § 1983; see also Plumhoff v. Rickard, 134 S.Ct. 2012, 2023 (2014).

Because Plaintiff has pleaded a prima facie § 1983 claim, by asserting that a state police detective seized his property without a warrant, and the undersigned cannot determine that Defendant Staubs is clearly entitled to qualified immunity, summary dismissal of Defendant Staubs, in his personal capacity, is not warranted at this time.

## V. RECOMMENDATION

Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** as to Defendants, **LOUDON COUNTY SHERIFF'S OFFICE** and **CHRISTOPER STAUBS**, **in his official capacity**, on the basis of Eleventh Amendment immunity. I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** as to Defendant, **STACY LEIGH MCCAFFERY**, for failure to state a claim upon which relief can be granted. Finally, I **RECOMMEND** that the District Judge **DIRECT** the Clerk to issue a twenty-one (21) day summons for the following Defendant: **CHRISTOPHER STAUBS, in his personal capacity**, and that Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **GRANTED**.

Plaintiff, Charles J. Shirley, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific**

**written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge's association with this case.

Respectfully submitted this 2nd day of May, 2019.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE