# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLES J. SHIRLEY,**

    Plaintiff,

v.                                                                                  **CIVIL ACTION NO.: 3:19-CV-41**
                                                                                       **(GROH)**

**LOUDON COUNTY SHERIFF'S OFFICE,**
**CHRISTOPHER STAUBS and**
**STACY L. MCCAFFERY,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 6. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On May 2, 2019, Magistrate Judge Trumble issued his R&R recommending that the Court dismiss the Plaintiff's complaint with prejudice as to Defendant Loudon County Sheriff's Office and Defendant Christopher Staubs, in his official capacity, and dismiss the Plaintiff's complaint without prejudice as to Defendant Stacy Leigh McCaffery. He further recommended the Plaintiff be permitted to proceed on his 42 U.S.C. § 1983 claim against Defendant Christopher Staubs, in his personal capacity, and his application to proceed *in forma pauperis* be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the

standard that it believes to be appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Additionally, if the Plaintiff's objections simply "reiterate[] the same arguments made by the objecting party in [her] original papers submitted to the magistrate judge . . . the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260 (N.D.N.Y. 2012). Therefore, the Court will conduct a *de novo* review of those portions of the R&R to which a party makes objections and will review the remaining portions of the R&R for clear error.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on May 2, 2019. ECF No. 6. The Plaintiff accepted service on May 8, 2019. ECF No. 7. The Plaintiff has not filed objections to the R&R. However, the Plaintiff filed a Motion for Reconsideration of the R&R. ECF No. 8. The Court construes the Plaintiff's motion as objections. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

The magistrate judge found that Loudon County Sheriff's Office and Christopher Staubs, in his official capacity, are entitled to Eleventh Amendment immunity against lawsuits for money damages under § 1983. As a result, the magistrate judge recommends dismissing the complaint with prejudice as to both of these Defendants. The magistrate judge recommends dismissing the complaint without prejudice as to Defendant Stacy L. McCaffery because the Plaintiff has failed to state a § 1983 claim

against Stacy L. McCaffery. Moreover, the magistrate judge found to the extent Plaintiff seeks equitable or injunctive relief in that he requests criminal charges be brought against Defendant Staubs or Defendant McCaffery, such relief is improperly sought because federal courts do not bring criminal charges. Finally, the magistrate judge found that the Plaintiff has pleaded a prima facie § 1983 claim against Defendant Staubs, in his personal capacity. The magistrate judge recommends that the Plaintiff be permitted to proceed on his § 1983 claim against Defendant Staubs in his personal capacity.

In the Plaintiff's motion, he asks the Court to reconsider holding Stacy L. McCaffery responsible. In support, the Plaintiff states that he did state a claim in his complaint because he stated that criminal charges be brought for vehicle theft. However, a federal court does not bring criminal charges. Accordingly, the Plaintiff's objection is without merit and is **OVERRULED**. Plaintiff also asks the Court to reconsider holding Loudon County Sheriff's Office responsible. The claim against Loudon County Sherriff's Office cannot proceed because the Sheriff's Office is entitled to Eleventh Amendment immunity for lawsuits for money damages under § 1983. Accordingly, the Plaintiff's objection is without merit and is **OVERRULED**.

Therefore, upon careful review, and finding no error of fact or law, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] is **ADOPTED** for the reasons more fully stated therein. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE** as to Defendant Loudon County Sheriff's Office and Christopher Staubs, in his official capacity. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** as to Defendant Stacy L. McCaffery. The Plaintiff's Complaint will proceed against Defendant Chistopher Staubs, in his personal

capacity.  The Clerk is **DIRECTED** to issue a twenty-one (21) day summons to Defendant Christopher Staubs, in his personal capacity.   The Court further **ORDERS** that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] is **GRANTED**.

The Clerk is **DIRECTED** to transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** June 10, 2019

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE